# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**MARSHUNE MANTELL POTTS**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:06-CR-42**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Since being released from prison, defendant has obtained a job and is attending beauty college where he is doing well. Unfortunately he has been unable to separate himself from alcohol and drugs.

On February 29, 2012, defendant was released from KPEP after one month, where it was reported he had problems with his behavior towards staff and spent most of his time on restriction. (continued on attachment)

## Part II – Written Statement of Reasons for Detention

Defendant has failed to show by clear and convincing evidence (a high standard) that he is not a danger to the community (including himself) in light of his continued use of alcohol, which is prohibited to him, and his more recent use of cocaine, which he has denied. Notwithstanding that defendant has positive things going for him at this point, he is undermining his own progress and rehabilitation by his failure to curb his use of alcohol and drugs.

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 13, 2015

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Marshune Mantell Potts
1:06-CR-42
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.


**Alternate Findings (B) -** (continued)

On February 12, 2013, one year after beginning supervised release, defendant was convicted of OWI and ordered to serve a 30-day state jail sentence.

On August 7, 2014, defendant was arrested by the police in Lansing on a prior Failure to Appear warrant, and tested positive for alcohol upon booking.

Defendant tested positive for alcohol again on September 16, 2014.

On February 4, 2015, defendant was ordered to complete a 30-day period at a sober house in Lansing.  He completed the program and would probably have stayed longer, but was asked to leave when he was suspected of supplying crack cocaine to other members of the house, and one other member at the house stated that defendant was a drug supplier.  This was not proven and the Court has not considered defendant to be a drug dealer; however, it is evident that he was asked to leave the sober house program.

At the end of May 2015, defendant was successfully discharged from substance abuse counseling at St. Vincent Catholic Charities in Lansing, although he was not submitting PBT tests in the mornings as he had been instructed to do.

On June 18, 2015, defendant tested positive for cocaine, a testing that has been confirmed by the national testing laboratory in Missouri.  Defendant has not acknowledged using cocaine.